UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BARRYMAN STARLING,
    Plaintiff,

v.                                                 Case No.: 8:21-cv-661-WFJ-CPT

CORIZON MEDICAL, et al.,
    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on review of Plaintiff's Civil Rights Complaint (Doc. 1) filed under 42 U.S.C. § 1983.

An earlier order (Doc. 3) granted Plaintiff leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Similarly, § 1915A requires a district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b). Although the complaint is

1

entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on the defendants is not warranted at this time.

Plaintiff sues Corizon Medical (Corizon); Tasha Foreman, N.P. (NP Foreman), and Carl Young (Mr. Young) (collectively, the defendants). (Doc. 1 at 7). Plaintiff alleges the defendants were deliberately indifferent to his chronic pain and medical needs. (Doc. 1 at 8–9).

Specifically, Plaintiff claims that, prior to incarceration, he was diagnosed with multilevel degenerative disc disease and neural foraminal stenosis, which was repaired with "rods and screws." (Doc. 1 at 8–9). Plaintiff was also under the treatment of Neurology and Neurosurgery, P.A., where it was recommended that a Myelogram CT Scan be conducted to identify nerve impingement. (Doc. 1 at 9). After incarceration, NP Foreman and Mr. Young failed to treat Plaintiff's chronic pain resulting in "extreme pain and not being able to stand or walk for any period of time." (Doc. 1 at 9). Plaintiff also alleges he has hemorrhoids, which NP Foreman treated with "hydrocortisone instead of hemorrhoid ointment." (Doc. 1 at 9). Plaintiff alleges this source of treatment failed and resulted in pain and swelling. (Doc. 1 at 9).

To state a claim for deliberate indifference, Plaintiff must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. "First, [he] must set forth evidence of an objectively serious medical need. Second, [he] must prove that the

prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To establish the requisite deliberate indifference, Plaintiff must prove that a defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008).

As an initial matter, Plaintiff does not allege whether NP Foreman and Mr. Young had subjective knowledge of Plaintiff's medical history. In addition, regarding Plaintiff's hemorrhoids, Plaintiff alleges merely that he would prefer a different treatment. However, mere disagreement with the mode or amount of treatment does not establish deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Thus, the claims against NP Foreman and Mr. Young are dismissed.

Next, Defendant Corizon cannot be liable for the acts of its employees merely on a theory of *respondeat superior*. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). Instead, to demonstrate liability, Plaintiff must show some affirmative link or connection between Corizon's actions and the claimed deprivation or show that a constitutional violation occurred or was caused by a policy or custom. *Monnell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658 (1978). To establish liability based on custom, Plaintiff must demonstrate a

"widespread practice that, although not authorized by law or . . . express policy, is so permanent and well[-]settled as to constitute a custom or usage with the force of law." *Griffin v. City of Opa-Locka*, 26 F.3d 1295, 1308 (11th Cir. 2001).

Plaintiff alleges Corizon Medical has a policy of failing to treat chronic pain, as acknowledged by NP Foreman and Mr. Young and as acknowledged in responses to the grievances he filed. (Doc. 1 at 4, 9). The Court finds these allegations sufficient, at this stage of the proceedings, to proceed to service of process on Corizon.

Accordingly, it is **ORDERED** that:

1. This case is **DISMISSED** as to the claims against Defendants NP Foreman and Mr. Young.

    a. If Plaintiff desires to proceed with the dismissed claims or to proceed against the dismissed the defendants, he must file an amended complaint **within THIRTY DAYS** from this Order.

    b. To amend his complaint, Plaintiff should fill out a new civil rights complaint on the appropriate form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims; it may not refer to or incorporate portions of the prior complaint. **The amended complaint supersedes Plaintiff's prior complaint, and all claims must be raised in**

**the amended complaint.**

2. Should Plaintiff fail to timely amend his complaint, the case will proceed to service of process on Corizon by separate order.

3. Plaintiff has filed this action *pro se*, and he is directed that he must immediately advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice must contain only information about the address change and the effective date of such. Failure to inform the Court of an address change may result in the dismissal, without further notice.

4. The Clerk is **DIRECTED** to mail to Plaintiff, along with this Order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE